**WINERY, DISTILLERY AND ALLIED WORKERS, LOCAL 186, Plaintiff,**

v.

**GUILD WINERIES AND DISTILLERIES, Defendant.**

**No. C–92–2274 SBA.**

United States District Court, N.D. California.

Jan. 14, 1993.

Paul D. Supton, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, CA, for plaintiff.

Alan S. Levins, James P. Baker, David F. Byrnes, Littler, Mendelson, Fastiff & Tichy, San Francisco, CA, for defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

ARMSTRONG, District Judge.

This is an action brought by plaintiff Winery, Distillery and Allied Workers, Local 186 ("Union") to compel arbitration of a dispute with defendant Guild Wineries and Distilleries ("Guild"). The case is presently before the Court on the Guild's motion for summary judgment. After having read the papers submitted and considered the arguments of the parties, and being fully informed, the Court finds that the Guild's motion for summary judgment should be granted.[1]

---

**1.** In accordance with Local Rule 220–1, the Court decides the instant motion without oral argument.

## I. BACKGROUND

The parties in this action entered into a collective bargaining agreement on August 11, 1986. On July 31, 1989, the collective bargaining agreement expired. After the expiration, the parties continued negotiations regarding a new collective bargaining agreement. However, no additional agreement was ever executed.

In August, 1991, the Guild announced that it was selling its operations to Canandaigua Wine. The sale was completed on October 1, 1991.

The Union asserts that a provision of the collective bargaining agreement committed the Guild to providing lifetime health insurance to its union employees and their spouses. After the sale of its operations, however, the Guild ceased all funding of health insurance plans for its former employees. The collective bargaining agreement also contained an arbitration clause. The Union seeks to arbitrate whether the Guild has a continuing obligation to pay for its former employees' health insurance.

## II. DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. The principal question for the Court to decide is whether, after viewing the evidence in the light most favorable to the opposing party, there is a genuine issue of material fact. *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991). The non-moving party must produce evidence sufficient to support a jury verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the non-moving party fails to establish a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, then summary judgment is appropriate. Fed.R.Civ.P. 56(c).

### B. LEGAL STANDARD REGARDING POST–EXPIRATION ARBITRATION

There is no statutory or common-law requirement mandating arbitration of labor disputes. *Litton Financial Printing v. N.L.R.B.*, —— U.S. ——, ——, 111 S.Ct. 2215, 2222, 115 L.Ed.2d 177 (1991). Instead, arbitration is only compelled when required by contract terms. *Id.* Whether a collective bargaining agreement requires a particular grievance to be submitted to arbitration is a matter to be determined by the court. *Id.* at ——, 111 S.Ct. at 2226. Thus, a party is not required to "arbitrate the arbitrability issue." *Id.* (citing *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 651, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986).

In *Nolde Brothers, Inc. v. Bakery and Confectionary Workers Union*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the Supreme Court considered whether an arbitration clause has effects after the expiration of the collective bargaining agreement. In *Nolde*, an employer closed its business shortly after the expiration of a collective bargaining agreement. The employer refused to pay severance wages required by the contract.

The Court held that a dispute that *arises under* the contract is subject to the contract's arbitration clause even after the contract expired. The Court characterized the severance pay as deferred compensation. Because the severance pay accrued and vested during the contract period, the Court reasoned that the dispute was subject to the arbitration clause. In reaching its conclusion, the Court established a strong presumption in favor of arbitration even after the expiration of the contract.

This presumption was seriously weakened by the Court's recent decision in *Litton Financial Printing v. N.L.R.B.*, —— U.S. ——, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). The Court came close to reversing *Nolde* when it stated that if "parties who favor labor arbitration during the term of a contract also desire it to resolve post-expiration disputes, the parties can consent to that arrangement by explicit agreement." *Id.* at ——, 111 S.Ct. at 2222.

However, the opinion went on to affirm *Nolde's* principle holding while limiting its

application. Specifically, the Court affirmed that post-expiration grievances that arise under an agreement are still subject to the agreement's arbitration clause. *Id.* at ——, 111 S.Ct. at 2225. However, the Court emphasized that *Nolde* only applies when the dispute has its real source in the contract. Specifically,

A postexpiration grievance can be said to arise under the contract only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement.

*Litton,* —— U.S. at ——, 111 S.Ct. at 2225.

The issue in *Litton* was whether layoff decisions that arguably violated the terms of an expired collective bargaining agreement were subject to the agreement's arbitration clause. The Court concluded that the dispute did not arise under the contract because the layoff decisions were based in part on employee performance after the expiration of the contract. Thus, the Court did not compel arbitration.

### C. APPLICATION OF LEGAL STANDARD

█ As required by *Litton,* the Court first considers whether there is any express agreement to arbitrate post-expiration disputes. The collective bargaining agreement is silent with respect to post-expiration arbitration. Furthermore, there is no evidence that the Guild made any subsequent agreement to arbitrate disputes. To the contrary, on August 4, 1989, shortly after the expiration of the collective bargaining agreement, the Guild wrote to the Union stating that "effective immediately, Guild will ... consider the arbitration provision in Section XXV to be of no effect, except to the limited extent required by law."

Because there is no express agreement governing post-expiration arbitration, the Court will only apply the arbitration provision if the dispute has its real source in the

contract. The Union bases its complaint on paragraph 58 of the collective bargaining agreement. That paragraph states in relevant part:

Each Employer shall contribute the sum of twelve dollars and fifty cents ($12.50) per month per eligible employee, as defined in Paragraph 61, who is actively at work to the Health and Welfare Trust Plan of the Social Security Fund of the Distillery, Wine and Allied Workers International Union. Such contribution is to finance a pre-funded program of full lifetime coverage, for those employees who retire at age 60 or thereafter, and their spouses, subject to deductibles under Parts A and B of Medicare, such coverage to exclude death benefit and accidental death benefit.

Paragraph 61 defines eligible employees as those who

... have worked 900 or more straight-time hours for the Employer in the previous calendar year; *provided that* if a new hire works 901 straight-time hours for the Employer, and all other requirements are met, the Employer will make contributions on behalf of that employee during the remainder of that calendar year.

(emphasis in original)

█ The Union's strained interpretation of these provisions is that the Guild contracted to provide the Union employees and their spouses with lifetime health insurance. Although the Court's power to interpret the collective bargaining agreement is restricted at this stage, the Court is authorized to interpret the agreement to the extent necessary to decide whether the dispute is governed by the arbitration clause. *Litton,* —— U.S. at ——, 111 S.Ct. at 2227.

The collective bargaining agreement in this case expired more than two years before the dispute arose. Thus, as in *Litton,* the arbitration clause only applies if the grievance involves "rights which accrued or vested under the Agreement, or rights which carried over after expiration of the Agreement, not as legally imposed terms and conditions of employment but as continuing obligations under the contract." *Id.*

Neither situation applies here. First, the dispute does not involve a right which accrued or vested under the collective bargaining agreement. The right identified by the Union—lifetime health insurance—simply is not in the agreement. The agreement merely requires the Guild to contribute $12.50 per month for active employees. Although the agreement directs the funds to be expended toward obtaining lifetime health insurance for the Union employees and their spouses, it requires nothing from the Guild other than the monthly payments for active Union employees. The Guild has not employed any Union employees since selling its operation on October 1, 1991. Thus, its obligation to make monthly contributions expired at that time.

Similarly, the dispute does not involve any continuing obligation under the contract. The Guild's obligation under Paragraph 61 necessarily expired when the Guild no longer actively employed Union members.

### III. CONCLUSION

Having reviewed and considered all of the papers filed in connection with this motion, and for the reasons stated above,

IT IS HEREBY ORDERED THAT defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.